UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 18-23857-CIV-COOKE/GOODMAN

LUIS RIVERA,

    Plaintiff,

v.

R & A BAKERY CORP., et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATIONS
## RECOMMENDING DISMISSAL WITHOUT PREJUDICE

In this Fair Labor Standards Act case, Luis Rivera ("Rivera" or "Plaintiff") filed a renewed motion for default judgment [ECF No. 37]. United States District Judge Robin L. Rosenberg on behalf of United States District Judge Marcia G. Cooke referred the motion to the Undersigned "for appropriate resolution, in accordance with 28 U.S.C. §§ 636(b)(1)(A) and (B)." [ECF No. 38].

On October 20, 2022, the Undersigned issued an Order directing Plaintiff to provide additional information in support of his renewed motion for default judgment. [ECF No. 30]. Specifically, the Order required Plaintiff to file an affidavit or declaration providing detailed damages calculations and advising the Court whether he was abandoning his retaliation claim. *Id.* at 6. The Undersigned's Order also required Plaintiff's counsel to file a fees affidavit

providing additional information and time records. *Id.* at 6-7. These submissions were due by November 3, 2022. *Id.*

Rivera and his counsel did not file the requested affidavits/declarations providing additional information. Instead, on November 3, 2022, Rivera's counsel moved to withdraw from the case. Two of Plaintiff's counsel (Peter Hoogerwoerd and Corey Seldin) cited "irreconcilable differences with the [sic] Plaintiff in that Plaintiff ha[d] failed to maintain contact with his attorneys . . . ." [ECF Nos. 41, p. 1; 42, p. 1]. Plaintiff's third counsel (Nathaly Saavedra) advised the Court that on May 15, 2020, she had left the law firm representing Plaintiff in this case (and had failed to withdraw from the case in that approximate three-and-a-half-year period). [ECF No. 43].

The Undersigned granted the motions to withdraw but required Plaintiff to file a notice by no later than December 7, 2022 advising the Court whether he intended to proceed *pro se* or for new counsel to enter an appearance in the case. [ECF No. 45]. The Undersigned warned Plaintiff that "[i]f Plaintiff fail[ed] to comply with this Order, then the Undersigned [would] enter a Report and Recommendations, recommending that the case be dismissed and that all pending motions (including the motion for default final judgment) be denied as moot, for failure to comply with this Order." *Id.* at 2.

The Order further required Plaintiff's counsel (Messrs. Hoogerwoerd and Seldin) to "make all reasonable efforts (e.g., standard mail, email, attachment to a text, overnight mail, etc.) to forward a copy of this Order to Plaintiff and file a declaration by November 14, 2022, advising of the efforts to serve a copy of the Order on Plaintiff." *Id.* at 2.

Attorneys Hoogerwoerd and Seldin did not file a declaration by the November 14, 2022 deadline and the Undersigned issued a Show Cause Order. [ECF No. 46].

In response to the Show Cause Order [ECF No. 46], attorneys Hoogerwoerd and Seldin filed declarations attesting to providing Plaintiff with notice of the Court's November 7, 2022 Order, by email, text messages, certified U.S. Mail, and Federal Express. [ECF Nos. 48-1; 48-2]. Attorneys Hoogerwoerd and Seldin also filed copies of the email, text messages, the certified mail envelope and tracking information, the Federal Express envelope and tracking information, and a screenshot of the text messages. [ECF Nos. 48-3–48-9]. In light of the attorneys' response, the Undersigned vacated the Show Cause Order. [ECF No. 50].

On December 8, 2022, the Undersigned issued a new Show Cause Order directed to Rivera. [ECF No. 51]. The Show Cause Order noted that the December 7, 2022 deadline had passed, and Plaintiff did not comply with the Undersigned's Order [ECF No. 45] requiring Plaintiff to file either a notice of intent to proceed *pro se* or for new counsel to enter an appearance on behalf of Plaintiff.

The Show Cause Order also required Rivera to file, by January 5, 2023, "a response, in the form of an affidavit or declaration, explaining why he did not comply with the Undersigned's November 7, 2022 Order" and, by that same deadline, to file either a notice of intent to proceed *pro se* or for new counsel to enter an appearance on behalf of Rivera. *Id.* at 2.

The Show Cause Order warned Rivera that "**[i]f Plaintiff fail[ed] to comply with this order, then the Undersigned [would] issue a Report and Recommendations, recommending that the case be dismissed.**" *Id.* (emphasis in original).

The Undersigned directed the Clerk of the Court to mail a copy of the Show Cause Order to Rivera and, on the same day, the Clerk filed a notice of compliance. [ECF No. 52].

Rivera failed to comply with the Order to Show Cause and the deadline for compliance has passed.

**I.      Analysis**

"A district court may dismiss a case, on its own initiative, if a plaintiff abandons its prosecution of the suit." *Calden v. Carnival Corp.*, No. 16-21119-CIV, 2017 WL 3773691, at *1 (S.D. Fla. June 22, 2017). "Courts are vested with this inherent power 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases' and 'to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.'" *Id.* (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)). Moreover, "[d]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Bell v. Fla. Highway Patrol*, 476 F. App'x 856, 856 (11th Cir. 2012) (affirming dismissal of *pro se* plaintiff's complaint due to her failure to follow the court's orders).

The Undersigned **respectfully recommends** that the District Court dismiss without prejudice this action due to Plaintiff's failure to follow the November 7, 2022 Order on the motions to withdraw and the December 8, 2022 Show Cause Order, and to close the case.

4

The Clerk of the Court is directed to mail a copy of this Report and Recommendations to Rivera at the address listed below and to file a notice of compliance on the docket.

II. **Objections**

The parties will have 14 days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within 14 days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

**DONE AND ORDERED** in Chambers, in Miami, Florida, on January 6, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke
All Counsel of Record

Luis Rivera
926 N.W. 58th Terrace
Miami, FL 33127